ARTHUR J. MARKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HARRY S. GRAHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6808, 6810. Promulgated January 3, 1928.

*David A. Ticktin, Esq.,* for the petitioners.
*J. E. Marshall, Esq.,* for the respondent.

OPINION.

MURDOCK: The petitioners on their 1921 return deducted as an operating expense for that year the purchase price of a blackboard installed in their offices in 1920. The respondent denied this deduction, claiming that it was a capital expenditure, and assigned a ten-year useful life to the blackboard, allowing depreciation accordingly.

Petitioner Marks testified that the cost of such a blackboard was mostly in the backing, the slates themselves having to be replaced, while the backing would remain for 50 years, perhaps; that they did not move the blackboard installed in their offices on the fourteenth floor, inasmuch as the expense of so doing and reconditioning the walls would have been greater than the cost of the new blackboard. The one which was installed in the offices on the fifteenth floor in 1920 is still in use, only two of the slates having been replaced, one in 1923, and the other in 1926. Nevertheless, the petitioners maintain that they are entitled to deduct the purchase price of this blackboard as an operating expense of the business in the year 1921, under the provisions of section 214 (a)(1) of the Revenue Act of 1921, which are as follows:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

However, section 215 (a) (2) of the same Act provides as follows:

SEC. 215. (a) That in computing net income no deduction shall in any case be allowed in respect of—

* * * * * * *

(2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate; * * *

Since, from the testimony of the petitioner, it is apparent that the blackboard has been in use for seven years, and is still in use, the ten-year life assigned to it by the Commissioner does not appear to be

unreasonable and the purchase price would therefore seem to be such an expenditure as is contemplated in section 215 (a) (2) of the Act, set forth above.

The determination of the Commissioner in this respect is therefore approved. *Appeal of Wemple State Bank*, 1 B. T. A. 415; *Appeal of Banna Manufacturing Co.*, 1 B. T. A. 1037.

Section 214 (a) (7) of the Revenue Act of 1921, reads as follows:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(7) Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; \* \* \*

Under this section a taxpayer may do one of two things, to wit, deduct the debts ascertained to be worthless and charged off within the taxable year, or, in the discretion of the Commissioner, he may deduct a reasonable addition to a reserve for bad debts. The Commissioner has made the following regulations pertaining to this section of the Act:

Article 151 of Regulations 62 is, in part, as follows:

ART. 151. *Bad debts.*—Bad debts may be treated in either of two ways— (1) by a deduction from income in respect of debts ascertained to be worthless in whole or in part, or (2) by a deduction from income of an addition to a reserve for bad debts. For the year 1921 taxpayers may, regardless of their previous practice, elect either of these two methods and will be required to continue the use in later years of the method so elected unless permission to change to the other method is granted by the Commissioner.

Article 155 of Regulations 62 is, in part, as follows:

ART. 155. *Reserve for bad debts.*—Taxpayers who have, prior to 1921, maintained reserve accounts for bad debts may deduct a reasonable addition to such reserves in lieu of a deduction for specific bad debt items. Taxpayers who have not heretofore maintained such reserve accounts may now elect to do so, and in such case shall proceed to determine the amount of the reserve that should reasonably have been set up as at December 31, 1920 (which shall not be deducted in computing net income), and in respect of 1921 and subsequent years may add a reasonable addition to such reserve and deduct the amount in computing taxable net income. Where a reserve account is maintained, debts ascertained after December 31, 1920, to be worthless in whole or in part, \* \* \* (b) if such debts arose after December 31, 1920, should be charged against the reserve and not deducted from income. What constitutes a reasonable addition to a reserve for bad debts must be determined in the light of the facts, and will vary as between classes of business and with conditions of business prosperity. A taxpayer using the reserve method should make a statement in his return showing the volume of his charge sales (or other business transactions) for the year and the percentage of the reserve to such amount, the total amount of notes and accounts receivable at the beginning and close of the taxable year, and the amount of the debts which have been ascertained to be wholly or partially worthless and charged against the reserve account during the taxable year.

The partnership of which the petitioners were members has followed neither the Act nor the Commissioner's regulations. Prior to 1921, it appears that they had not maintained a reserve for bad debts. On their 1921 return for the first time they set up a reserve for bad debts and on the return they deducted the entire amount of the reserve thus set up and they also deducted $1,292.67, representing debts ascertained to be worthless and charged off within the taxable year. The deficiency letter is not before us and we do not know exactly what the Commissioner has done, but from the petition and answer it appears that he has reduced the total bad debt deduction in the amount of $15,000, and it is of this action that the petitioner complains.

The petitioner was not entitled to deduct both the amount of debts ascertained to be worthless and charged off in the taxable year and an addition to a reserve for bad debts. He had to make his election between the two. *Appeal of Transatlantic Clock & Watch Co.*, 3 B. T. A. 1064. The Commissioner has allowed an addition to a reserve for bad debts in an amount more than ten times greater than the amount of the debts ascertained to be worthless and charged off within the taxable year and in addition has apparently allowed the deduction of the total amount of debts ascertained to be worthless and charged off within the taxable year. It seems to us that the taxpayer has already had the benefit of deductions in a total amount far exceeding the amount to which he was entitled and we can not give him any further deductions. On the other hand, the Commissioner has never asserted a claim for any increase in the deficiency over the amount of the deficiency as determined by him. Consequently, we hold that the deficiency determined by the Commissioner shall not be changed.

> *Judgment will be entered in accordance with the foregoing opinion on notice of 15 days, under Rule 50.*